## No. 1,329.

### THE STATE OF LOUISIANA VS. JAMES RILEY.

When the jury commission has failed and neglected to take from the venire box for several years the names of jurors disqualified, absent and dead, it is competent for a succeeding jury commission to remedy the evil to empty the venire box, and place therein three hundred qualified jurors.

Where the clerk is introduced as a witness and questioned as to the right of the jury commission in taking from the venire box disqualified, absent and dead jurors, this is not such parol evidence as to contradict or vary the venires previously drawn.

When several members of a jury commission, who are also school directors, have qualified as commissioners since their appointment as school directors, they are competent and legal commissioners.

When the clerk of court, who is *ex-officio* a jury commissioner, has taken the oath as such, it is not necessary for him to again take the oath when the judge removes the commissioners he is authorized to appoint, and appoints others.

APPEAL from the Twenty-Third District Court, Parish of Iberville. *Talbot*, J.

*Alex. Hébert* and *Jno. N. Ogden*, District Attorney, for the State, Appellee.

*C. O. Lauve* for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J. The defendant was convicted of the crime of murder, without capital punishment. He has appealed.

With the exception of the separation of the jury, the defenses urged are identical with those in the case of the State vs. Dick Nockum and Wilson Nockum, just decided.

For the reasons assigned in that case, the judgment in this is affirmed.